**In re Application of DIRECTOR OF LAWYERS PROFESSIONAL RE-SPONSIBILITY BOARD OF the STATE OF MINNESOTA, Appellee,**

**United States of America,**

**v.**

**Norman PERL, Appellant.**

**No. 84–5123.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1984.

Decided Jan. 16, 1985.

Patrick J. Foley (argued), Ronald I. Meshbesher, Minneapolis, Minn., for appellant.

Janet Dolan, St. Paul, Minn., for appellee.

Before BRIGHT, ROSS, and BOWMAN, Circuit Judges.

PER CURIAM.

Norman Perl appeals from the district court's [1] denial of his motion for emergency injunctive relief to (1) delay enforcement of Rule 25 [2] of the Minnesota Rules of Lawyers Professional Responsibility against Perl; (2) declare Rule 25 unconstitutional; and (3) declare that the delay by the Lawyers Professional Responsibility Board of Minnesota in investigating Perl's alleged unethical conduct violated his constitutional rights. The district court dismissed the complaint on the basis of the abstention principle set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669

---

**1.** The Honorable Donald E. O'Brien, United States District Judge for the District of Minnesota.

**2. RULE 25. REQUIRED COOPERATION** provides:

(a) **Lawyer's duty.** It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the Director or his staff, the Board, or a Panel, by complying with reasonable requests, including requests to:

(1) Furnish designated papers, documents or tangible objects;

(2) Furnish in writing a full and complete explanation covering the matter under consideration;

(3) Appear for conferences and hearings at the times and places designated.

(b) **Grounds of discipline.** Violation of this rule is unprofessional conduct and shall constitute a ground for discipline. (added Oct. 16, 1981).

(1971) and *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). This appeal followed.

We have reviewed the files and records in this case. Additionally, we are advised that Perl has petitioned the Minnesota Supreme Court for certain relief, similar in part to relief sought in the federal district court, relating to these disciplinary proceedings. We conclude that the district court properly denied Perl's motion for federal injunctive relief on the basis of the abstention doctrine and that this appeal lacks merit.

We affirm without further opinion. *See* 8th Cir.R. 14. Let our mandate issue forthwith.